Bullard, J.
The charter of the Commercial Bank, which authorized that institution to lay down pipes in the streets of the city of New Orleans, for the purpose of conducting water for the use of the city and its inhabitants, made it the duty of the corporation to restore the streets to the same condition they were in before commencing their operations, within the shortest delay; and, in case of their failure to do so, the municipal authorities were authorized to do it, at their expense. The plaintiffs contracted with the First Municipality for cleaning the streets, and repairing the pavements for five years, from and after the 1st November, 1839, with a subrogation, as expressed in the city ordinances, to any recourse which the. Municipality might have against the Bank, in the event of their failing to replace the pavement, as provided for by their charter; and they allege, that they have done paving to the amount of ¡$515 77, which the Bank was bound to make, but neglected to do, though regularly requested, and legally put in default.
The present action was brought to recover that amount; and the Bank is appellant from a judgment which condemned them to pay it.
The counsel for the appellants has made two points in this *189 court: first, that the defendants were not put in default; and secondly, that they have complied with their charter, by putting the streets In the same order in which they were previous to the laying of the pipes.
I. By a patting in default, in the present case, we understand a notice to the defendants, that the pavement had not been properly replaced, and a demand of them to comply with the requisitions of the charter, by repairing the streets wherever they were defective in consequence of their neglect. Such a demand was indispensable to a recovery in the present action. The evidence on this part of the case is a letter dated October 31,1839, signed by the Surveyor of the First Municipality, addressed to the Directors of the Water Works, in which they are informed that upon inspection by Messrs. Bell, Mondi, Cook and the Surveyor, it had been ascertained, that the laying down of the pipes imposed upon the company the charge of repairing the pavement in the places indicated in the table thereto annexed, and informing them, that as the new undertakers for repairing the streets are to commence their operations on the 1st of November, they are requested to make the repairs which they were bound to do, as soon as possible. ’ It was not until the following May, that the contracors were formally notified that the Bank was in default in making the necessary repairs, and that orders were given them to have the work done in conformity to the ordinance. The table particularizing the places where repairs were required, was very explicit. We concur with the court below in the opinion, that this was a sufficient putting in default.
II. Upon the merits, an attentive examination of the evidence has failed to satisfy us, that the judgment is so evidently erroneous as to authorize our interference.

Judgment affirmed.